**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIA TAYLOR, | No.   15-15096 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00185-RCJ-WGC |
| v. | |
| RENOWN HEALTH, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

Before:  HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Julia Taylor appeals the district court's grant of summary judgment in her

suit against prospective employer Renown Health (Renown), in which she alleged

Renown violated the Americans with Disabilities Act (ADA) by rescinding a

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conditional job offer after obtaining the results of a pre-employment medical exam. Reviewing the district court's summary judgment order de novo, we affirm. *See Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 708 (9th Cir. 2005).

1. "To sustain a claim under the ADA, [Taylor] must show that (1) [s]he is 'disabled' within the meaning of the Act; (2) [s]he is a 'qualified individual' within the meaning of the Act; and (3) [s]he was terminated because of h[er] disability." *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003).

There are three ways to be "disabled" under the ADA, including "being regarded as [disabled]." *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014), *cert. denied sub nom. Weaving v. City of Hillsboro, Or.*, 135 S. Ct. 1500, 191 L. Ed. 2d 431 (2015). The "regarded as" disabled category requires only that Taylor was subjected to a prohibited action on the basis of an actual or perceived physical or mental impairment, whether or not that impairment was an actual or perceived disability. 42 U.S.C. § 12102(3)(A).

To satisfy the "qualified individual" prong in a "regarded as" disabled case, Taylor must make a prima facie showing that she was able to perform the essential functions of the job without accommodation. *See Kaplan*, 323 F.3d at 1230. "[T]here is no duty to accommodate an employee in an 'as regarded' case." *Id.* at 1233.

Renown decided not to hire Taylor for a Certified Nursing Assistant (CNA) position in its telemetry unit on the basis of a physical impairment noted in Taylor's pre-employment medical evaluation. Thus, Taylor made a prima facie showing that she was "regarded as" disabled by Renown.

However, Taylor did not present evidence that she could perform the essential functions of the CNA job without accommodation. The CNA job description and declarations from employees in the telemetry unit established that lifting more than fifty pounds and lifting above shoulder-level were essential job functions, as telemetry CNAs must ambulate overweight and obese patients several times a day. Evidence from Taylor's other CNA jobs demonstrated those positions rarely required the type of lifting that was routine at Renown, and generally indicated Taylor's difficulty with completing heavy lifting tasks when they did arise. Additionally, Taylor admitted that she had a condition that restricts her ability (1) to lift; (2) to lift over 50 pounds; and (3) to lift her left arm above shoulder-level.

We accordingly affirm the district court's grant of summary judgment to Renown as to whether Taylor was unable to perform the essential lifting functions at Renown without accommodations.

2.    In addition to barring intentional discrimination, the ADA "prohibit[s] medical examinations and inquiries until *after* the employer has made a 'real' job offer to an applicant." *Leonel*, 400 F.3d at 708. Here, the physical examination was a "medical evaluation" under the statute.  *See Indergard v. Georgia-Pac. Corp.*, 582 F.3d 1049, 1054 (9th Cir. 2009) (noting that range of motion and muscle strength tests—which were conducted as part of Taylor's physical—are considered medical examinations under the Equal Employment Opportunity Commission's guidance).

"[P]laintiffs need not prove that they are qualified individuals with a disability in order to bring claims challenging the scope of medical examinations under the ADA." *Fredenburg v. Contra Costa Cty. Dep't of Health*, 172 F.3d 1176, 1182 (9th Cir. 1999). But "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the [Article III] injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016).

Here, Taylor has not demonstrated a concrete injury from the timing of the medical exam. The sequenced evaluation requirements of 42 U.S.C. § 12112(d)(2)

4

protect against two types of injuries: first, injuries arising out of a lack of clarity regarding "whether [applicants] were 'rejected because of disability, or because of insufficient skills or experience or a bad report from a reference;'" and secondly, injuries to those who wish to keep information about "hidden medical conditions" private until "they have been assured that as long as they can perform the job's essential tasks, they will be hired." *Leonel*, 400 F.3d at 709 (quoting Equal Employment Opportunity Commission, ADA Enforcement Guidance: Preemployment Disability-Related Questions and Medical Examinations, 1 (1995)).

Renown did not dictate the order in which the further checks would be carried out after the conditional job offer; it specified the immediate *scheduling* of the medical examination, not the timing of the examination. And Renown did make perfectly clear that Taylor's shoulder impairment was the reason the employer rescinded the conditional job offer. Consequently, neither the conditional privacy, nor the notice, injuries protected against by the statute occurred. Because Taylor failed to establish a concrete injury from voluntarily scheduling the examination and answering medical inquiries before Renown completed all other pre-employment evaluations, she has no standing to bring a claim under 42 U.S.C. § 12112(d).

**AFFIRMED.**